21903

In the Matter of William Henry EDWARDS, Respondent.

(302 S. E. (2d) 339)

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Clifford O. Koon, Jr.*, Columbia, *for complainant.*

*Larkin V. Campbell*, Columbia, *for respondent.*

April 19, 1983.

*Per Curiam:*

The Hearing Panel and Executive Committee of the Board of Commissioners on Grievances and Discipline recommend respondent William Henry Edwards be publicly reprimanded for professional misconduct. We agree.

Complainant, a law clerk in a South Carolina firm, was dispatched by his employer to hand deliver a letter to respondent. Complainant was assaulted outside the law firm by one, whom complainant mistakenly assumed was respondent.

The next day, complainant filed a grievance against respondent indicating he had been assaulted by him. On February 8, 1982, respondent requested the grievance proceedings and records be made public. Inexplicably, the request was received by the Attorney General's office and was not forwarded to the Board for several months.

On February 9, 1982, the day following his request for the proceedings to be made public, without ascertaining whether his request had been granted, respondent instituted a *criminal action* against the complainant for libel and slander. The next day, respondent filed a *civil* libel and slander action. Both actions were based on complainant's letter to the Board.

Immediately upon learning of the lawsuits, the Board Chairman advised respondent the civil and criminal actions were violative of Rule 20 of the Rules on Disciplinary Procedure concerning confidentiality. Nevertheless, respondent proceeded with both actions. Incredibly, respondent maintained before this Court that he did not know he could take a voluntary nonsuit in a civil case.

We conclude respondent violated Rule 20 of the Rules on Disciplinary Procedure by instituting and maintaining the civil and criminal actions against complainant based on complainant's filing of the grievance. Further, respondent violated Rule 26 which clothes complainants with absolute immunity in grievance matters, and DR7-102(A)(1) and (2) which prohibits an attorney from initiating unwarranted actions merely to harass or maliciously injure another. We agree with the Board the appropriate sanction is public reprimand. Accordingly, respondent William Henry Edwards stands publicly reprimanded.